```
 1 │ RANDY S. GROSSMAN
   │ Acting United States Attorney
 2 │ CONNIE V. WU
   │ Assistant U.S. Attorney
 3 │ California Bar No: 297177
   │ United States Attorney's Office
 4 │ 880 Front Street, Room 6293
   │ San Diego, California 92101-8893
 5 │ Telephone: (619) 546-8592
 6 │ Attorneys for Plaintiff
   │ UNITED STATES OF AMERICA
 7 │
```



OCT 13 2021

Rla

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20CR3583-WQH |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| ENRIQUE BENJAMIN DELGADO, JR., | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Connie V. Wu, Assistant United States Attorney, and defendant, ENRIQUE BENJAMIN DELGADO, JR., with the advice and consent of EZEKIEL E. CORTEZ, counsel for defendant, as follows:

//
//
//
//
//
//
//

CVW:8/3/21

Def. Initials EBD

## I

## THE PLEA

Defendant agrees to waive Indictment and plead guilty to Counts 1-4 of the Information charging defendant with:

### Count 1

On or about May 15, 2020, within the Southern District of California, defendant ENRIQUE BENJAMIN DELGADO, JR, knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: Smith & Wesson, model M&P 9 Shield, 9 millimeter pistol bearing serial number HZW8721; in violation of Title 18, United States Code, Section 922(g)(1).

### Count 2

On or about May 15, 2020, within the Southern District of California, defendant ENRIQUE BENJAMIN DELGADO, JR, did knowingly and intentionally possess, with intent to distribute, 50 grams and more, to wit: 104.76 grams (~4 ounces) of methamphetamine (actual), a Schedule II controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

### Count 3

On or about June 11, 2020, within the Southern District of California, defendant ENRIQUE BENJAMIN DELGADO, JR, knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition that traveled in and affected interstate commerce, to wit: 39 rounds of 5.56 x 45 TulAmmo ammunition; in violation of Title 18, United States Code, Section 922(g)(1).

### Count 4

On or about June 11, 2020, within the Southern District of California, defendant ENRIQUE BENJAMIN DELGADO, JR, did knowingly and intentionally possess, with intent to distribute, 100 grams and more, to wit: 642.87 grams of heroin, a Schedule I controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

Defendant agrees further that, following entry of defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. With respect to any controlled substance seized in connection with this case, defendant agrees that, following entry of defendant's guilty plea, the Government need not preserve, and may destroy, the controlled substance thirty (30) days after the Government has provided defendant with the laboratory analysis report. If defendant believes that additional testing is needed, defendant will arrange for, and complete, such testing within the above-referenced thirty (30) day period, unless that period is extended by joint written agreement between the parties or by order of the Court, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. Furthermore, if the court has issued a preservation order in connection with any seized evidence, the defendant agrees to jointly request that the Court lift or revoke the preservation order following entry of defendant's guilty plea.

Defendant consents to the forfeiture allegations of the Information and agrees to the forfeiture of all properties seized in connection with the case. The forfeiture is more fully contained in the attached forfeiture addendum.

In exchange, the United States agrees to forego charging Defendant with two counts of under Title 18, United States Code, Section 924(c).

## II

## NATURE OF THE OFFENSES

A. ELEMENTS EXPLAINED

The offenses to which defendant is pleading guilty has the following elements:

3

Def. Initials *E.B.O*

20CR3583-WQH

### Count 1

1. Defendant knowingly possessed a firearm;
2. The firearm had been shipped or transported from one state to another or between a foreign nation and the United States; and
3. At the time the defendant possessed the firearm, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

As to the forfeiture on Count 1, the Defendant understands the Government would have to prove by a preponderance that the properties it seeks to forfeit are firearms and ammunition involved in the offense.

### Count 2

1. Defendant knowingly possessed methamphetamine; and
2. Defendant possessed the methamphetamine with the intent to deliver it to another person.

### Enhanced Penalty

1. The offense involved 50 grams or more of methamphetamine (actual).

As to the forfeiture on Count 2, Defendant understands the Government would have to prove by a preponderance that the properties it seeks to forfeit are proceeds of the offense or properties used or intended to be used to commit or to facilitate the commission of the offense.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of methamphetamine involved in the offense was at least 50 grams of methamphetamine (actual).

### Count 3

1. Defendant knowingly possessed ammunition;

4

Def. Initials  EBD

20CR3583-WQH

2. The ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; and

3. At the time the defendant possessed the ammunition, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

As to the forfeiture on Count 3, the Defendant understands the Government would have to prove by a preponderance that the properties it seeks to forfeit are firearms and ammunition involved in the offense.

### Count 4

1. Defendant knowingly possessed heroin; and

2. Defendant possessed the heroin with the intent to deliver it to another person.

### Enhanced Penalty

1. The offense involved 100 grams or more of heroin.

As to the forfeiture on Count 4, Defendant understands the Government would have to prove by a preponderance that the properties it seeks to forfeit are proceeds of the offense or properties used or intended to be used to commit or to facilitate the commission of the offense.

In addition, for purposes of sentencing, the Government would have to prove, beyond a reasonable doubt, that the amount of heroin involved in the offense was at least 100 grams of heroin.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

cw ESC EBD

1. On or about May 15, 2020, Chula Vista Police Department obtained a search warrant for defendant's residence on G Street in Chula Vista, CA, ~~after defendant shot and killed a victim at his residence.~~

2. During the search, officers located a Springfield, model XD, 9 millimeter pistol bearing serial number S3955079; 104.76 grams of methamphetamine; 126.26 grams of heroin; 47 pills of clonazepam; and 181.24 grams of marijuana.

3. Defendant knowingly possessed the above-mentioned pistol and controlled substances and did so with the intent to deliver the controlled substances to at least one other person.

4. On or about June 10, 2020, the U.S. Marshals Service Fugitive Task Force attempted to arrest defendant pursuant to an active arrest warrant at his RV parked on Just Street in San Diego, CA. Defendant barricaded himself inside. As part of the standoff, officers obtained a search warrant to search his RV.

5. During the search of defendant's RV, officers located: a loaded Smith & Wesson, model M&P 9 Shield, 9 millimeter pistol bearing serial number HZW8721; six (6) rounds of Fiocchi, 9 millimeter ammunition; a AR-15 style 5.56 x 45 millimeter rifle bearing no serial number (ghost gun); two (2) high capacity 30-round Nato rifle magazines; thirty-nine (39) rounds of 5.56 x 45 TulAmmo ammunition; a clear plastic bag containing approximately 341.86 grams marijuana; three (3) clear plastic baggies containing approximately 70.06 grams of fentanyl; and one plastic bag containing approximately 642.87 grams of heroin.

6. Defendant knowingly possessed the above-mentioned firearms, ammunition, and controlled substances and did so with the intent to deliver the controlled substances to at least one other person.

7. The defendant agrees that the United States could prove that the firearm alleged in Count 1 and ammunition in Count 3 had been shipped or transported from one state to another or between a foreign nation and the United States because they were not manufactured in the State of California.

8. At the time the Defendant possessed the charged firearms, he knew that he had been previously convicted of at least

6

Def. Initials EBD
20CR3583-WQH

one crime punishable by imprisonment for a term exceeding one year.

9. On or May 7, 2007, the Defendant was convicted of robbery (with an enhancing factor for using a firearm during the commission of a felony), in violation of California Penal Code 211, for which he was sentenced to 8 years' prison.

10. Defendant agrees that his above-mentioned conviction is crime punishable by imprisonment for a term exceeding one year.

## III

### PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

### Count 1 and Count 3

A.  A maximum 10 years in prison;

B.  A maximum $250,000 fine;

C.  A mandatory special assessment of $100 per count;

D.  A term of supervised release of no more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E.  Forfeiture of all firearms and ammunition involved in the offense.

### Count 2

A.  A maximum of life years in prison;
    and a mandatory minimum of 10 years;

B.  A maximum $10,000,000 fine;

C.  A mandatory special assessment of $100.00 per count;

D.  A term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any

7

Def. Initials *EBD*

20CR3583-WQH

of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E. Possible ineligibility for certain federal benefits; and

F. Forfeiture of all property constituting or derived from proceeds of the offense and all property used or intended to be used to commit or to facilitate the commission of the offense.

## Count 4

B. A maximum of 40 years in prison; and a mandatory minimum of 5 years;

B. A maximum $5,000,000 fine;

C. A mandatory special assessment of $100.00 per count;

D. A term of supervised release of at least 4 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

E. Possible ineligibility for certain federal benefits; and

F. Forfeiture of all property constituting or derived from proceeds of the offense and all property used or intended to be used to commit or to facilitate the commission of the offense.

## IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES**

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

VI

**DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional

9

Def. Initials EBD

20CR3583-WQH

license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened defendant or defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement shall be construed

10 Def. Initials *EBD*

20CR3583-WQH

as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

The parties agree that a multiple-counts adjustment under § 3D1.4 applies to the Defendant's guidelines calculations. Accordingly, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable) be used to impose the actual sentence:

Def. Initials EBD
20CR3583-WQH

|   |   |   |
|---|---|---|
| 1. | Base Offense Level [USSG § 3D1.1(a)(3)] | 32* |
| 2. | Dangerous Weapon Possessed [USSG § 2D1.1(b)(1)] | +2 |
| 3. | Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2] | -2** |
| 4. | Multiple Counts [§ 3D1.4] [1] | +0 |
| 5. | Acceptance of Responsibility [§ 3E1.1] | -3 |
| 6. | Combination of Circumstances [§ 5K2.0] | -1 |

\* The actual Base Offense Level (BOL) cannot be determined until a laboratory has weighed and performed a chemical analysis of the substance, so this calculation is subject to change. At sentencing, the parties will recommend a BOL consistent with the results of the laboratory testing. If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b). Furthermore, the defendant will be ineligible for any role reduction.

\*\* If defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2 or meets the requirements under

---

[1] Pursuant to USSG § 3D1.4, the multiple-counts adjustment would amount to no increase in the offense level based on the following grouping analysis:

*Group 1*
**Counts 1, 2, and 4** (Counts 2 and 4 group pursuant to USSG § 3D1.2(d) and Count 1 group pursuant to USSG § 3D1.2(c))
Adjusted Offense Level: 34
This is the group with the highest adjusted offense level and thus counted as one unit pursuant to USSG § 3D1.4(a).

*Group 2*
**Count 3**
Base Offense Level of 20, per USSG § 2K2.1(a)(4).
This group is counted as zero units pursuant to USSG § 3D1.4(c).

According to USSG § 3D1.4, 1 total unit results in no increase in the offense level.

12                     Def. Initials *EBD*
                                     20CR3583-WQH

USSG § 5C1.2(a)(2)-(5) and the criminal history requirements as provided in the First Step Act, the United States will recommend a two-level reduction of the guidelines and relief from any statutory mandatory minimum sentence.

The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B.  ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A above, the Government will not recommend any adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C.  NO FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may not** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553, subject to the limitations outlined in Section F. PARTIES' RECOMMENDATIONS and subject to any applicable statutory minimum mandatory. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.  NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" section of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree to jointly recommend **ten years** in custody. *See also* Section H.

G. SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

H. SUPERVISED RELEASE

The parties agree to jointly recommend 5 years' supervised release as well as the following special condition. The parties agree that this Court should impose a suspicionless search condition that allows any law enforcement officer to conduct searches (also known as a full Fourth Amendment waiver), which should also extend to any electronic devices defendant may possess. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any

special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are: (i) defendant may appeal a custodial sentence above the greater of the high end of the advisory guideline range as calculated by the Government or the statutory mandatory minimum term, if applicable; and (ii) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

15        Def. Initials EBV
20CR3583-WQH

|   |   |   |
|---|---|---|
| 1 | A. | Failing to plead guilty pursuant to this agreement; |
| 2 | B. | Failing to fully accept responsibility as established in Section X, paragraph B, above; |
| 3 | C. | Failing to appear in court; |
| 4 | D. | Attempting to withdraw the plea; |
| 5 | E. | Failing to abide by any court order related to this case; |
| 6-7 | F. | Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or |
| 8-9 | G. | Engaging in additional criminal conduct from the time of arrest until the time of sentencing. |

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the

Def. Initials EBD

20CR3583-WQH

prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//

Def. Initials EBD
20CR3583-WQH

## XV
## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
Acting U.S. Attorney

9/13/21
DATED

CONNIE V. WU
Assistant U.S. Attorney

8/31/2021
DATED

EZEKIEL E. CORTEZ
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

8/31/2021
DATED

ENRIQUE BENJAMIN DELGADO, JR.
Defendant

Approved by:

/s/ Matthew Brehm

MATTHEW BREHM
Deputy Chief, Violent Crimes & Human Trafficking

Rev. 6/27/2017 JSS:dca